UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SCOTT CLEVENGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 1:20-CV-230-RLJ-SKL |
| v. | ) |
| | ) |
| CENTURION, | ) |
| JOHN DOE, and | ) |
| JANE DOE, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM OPINION

Defendant Centurion of Tennessee, LLC ("Centurion") has filed a motion for summary judgment in this pro se prisoner's civil rights action asserting a violation of 42 U.S.C. §1983 [Doc. 25]. Plaintiff has filed a response in opposition to the motion [Doc. 30], and Defendant has filed a reply thereto [Doc. 31]. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED** in favor of Centurion, that the John/Jane Doe Defendant(s) be **DISMISSED**, and this action be fully and finally **DISMISSED**.

I. **"DOE" DEFENDANT(S)**

After screening Plaintiff's Complaint on September 28, 2020 in accordance with the Prison Litigation Reform Act, *see, e.g.,* 28 U.S.C. § 1915A and §1915(e)(2)(B), the Court found that Plaintiff plausibly stated a claim against "John/Jane Doe," the individual(s) responsible for refusing to prescribe him necessary medication [Doc. 5 p. 7]. The Court advised that "Plaintiff should timely move to substitute the individual(s) responsible [for the alleged denial of medical care] once he is able to conduct discovery in this matter" [*Id.*].

There is a one-year statute of limitations period to complete causes of action in Tennessee. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim; *Dibrell v. City of Knoxville, Tennessee*, No. 20-5528, 2021 WL 69299, at *4 (6th Cir. Jan. 8, 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action"). Plaintiff did not amend his complaint or submit any notification to the Court to name the John/Jane Doe Defendant(s) prior to the expiration of the statute of limitations, and his failure to do so bars his claim against the Doe Defendant(s). Accordingly, the Court finds that any claim against the John/Jane Doe Defendant(s) will be **DISMISSED**.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if resolving that fact in favor of one party "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To establish an entitlement to summary judgment, the moving party must demonstrate that the nonmoving party cannot establish an essential element of his case for which he bears the ultimate burden of proof at trial. *Celotex*, 477 U.S. at 322; *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993).

Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate by setting forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323; *Anderson*, 477 U.S. at 249. If the "evidence is such that

2

Case 1:20-cv-00230-RLJ-SKL   Document 32   Filed 12/21/21   Page 2 of 7   PageID #: 222

a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson*, 477 U.S. at 248. If no proof is presented, however, the Court does not presume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871, 889 (1990)).

B. **Plaintiff's Relevant Allegations**

Plaintiff was diagnosed with gastroesophageal reflux disease ("GERD")[1] in 2000 and was prescribed medication to treat the condition [Doc. 2 p. 3]. Pursuant to a 2006 arrest, Plaintiff was placed in the custody of the Tennessee of Department of Correction ("TDOC"), and until June 17, 2020, medical personnel treated Plaintiff's condition with omeprazole (the generic form of Prilosec) [*Id*. at 3-4].

At a chronic care visit on June 17, 2020, a physician's assistant at the Bledsoe County Correctional Complex ("BCCX") advised Plaintiff that he would no longer receive omeprazole and would have to purchase the medication from the prison's commissary [*Id*.]. After filing grievances, Plaintiff filed the instant § 1983 suit on or about August 19, 2020, alleging that he could not afford to purchase an effective dosage of medication from the commissary, and that Centurion was denying inmates necessary medication in order to maximize profits [*Id*. at 5-7].

This Court allowed Plaintiff's claim for the denial of medical care to proceed against Centurion, the contract medical provider for the TDOC, and the John/Jane Doe who denied his requests for prescription treatment [Doc. 5].

---

[1] "Gastroesophageal reflux disease (GERD) occurs when stomach acid frequently flows back into the tube connecting your mouth and stomach (esophagus). This backwash (acid reflux) can irritate the lining of your esophagus." Mayo Clinic, "*Gastroesophageal reflux disease (GERD),*" https://www.mayoclinic.org/diseases-conditions/gerd/symptoms-causes/syc-20361940 (last visited Dec. 16, 2020).

C.  **Summary Judgment Evidence**

In 2006 or 2007, Plaintiff was prescribed Prilosec for acid reflux [Doc. 25-3 p. 6; Doc. 29 p. 1]. On September 1, 2017, TDOC instituted policy 113.70, which required inmates to purchase over the counter medications through the commissary unless they were determined to be indigent [Doc. 25-1 p. 4 ¶5]. Plaintiff has never been deemed indigent by TDOC and had funds in his inmate account during the time relevant to this lawsuit [Doc. 25-4 p. 1].

On June 24, 2020, medical providers allowed Plaintiff's prescription for omeprazole to lapse [Doc. 29 p. 4]. Thereafter, Plaintiff purchased the medication from the commissary from July 2020 through December 2020 and has "been provided" the medication since January 2021 [Doc. 25-6; Doc. 25-4 p. 3]. Plaintiff was otherwise provided regular medical care for various conditions while incarcerated, including at least two specialty consults for upper gastrointestinal issues [*See, generally*, Doc. 25-3].

D.  **Analysis**

Where a private entity contracts with the state to perform a traditional state function (such as providing medical care at a penal institution), it acts under color of state law and may be sued under 42 U.S.C. § 1983. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). However, a private entity cannot be subject to § 1983 liability merely because it has employed someone who violated Plaintiff's constitutional rights; that is, it "cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Rather, a plaintiff may only hold the entity liable for an unconstitutional policy or custom. *Braswell v. Corrections Corp. of America*, 419 F. App'x 622, 627 (6th Cir. 2011) (holding plaintiff must allege "a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights) (citation omitted). Specifically, a plaintiff must show that an official policy maker adopted a policy or custom with "deliberate

indifference" towards the constitutional rights of those affected by it, and that policy or custom must be the moving force behind the constitutional injury. *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989).

Deliberate indifference is established by showing a defendant acted (or failed to act) with a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. at 834, 839-40 (1994)). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 836).

Here, the policy, in relevant part, states:

> All OTC medications listed on the approved OTC list, and available at the site, shall be obtained by the inmate via commissary, unless the inmate is determined to be indigent by the Health Services Administrator, or their designee [Doc. 25-1 p. 4].

The parties dispute whether Centurion may be held responsible for the way it carries out what is expressly TDOC's policy [*Compare* Doc. 29 *with* Doc. 30]. The Court need not wade into this dispute, however, as the policy is constitutional facially and as applied to Plaintiff.

A policy requiring non-indigent inmates to purchase medications is not unconstitutional. *See, e.g., Reynolds v. Wagner*, 128 F.3d 166, 173-75 (3d Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'"); *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (requiring inmates to pay for their own medications if they can afford to do so is not a federal constitutional violation); *Lee v. Hatcher*, No. 3:16-CV-02590, 2016 WL 5467948, at *3 (M.D. Tenn. Sept. 29, 2016) ("Advising Plaintiff to purchase over-the-counter medication from the commissary, rather than continually dispensing it to him for free, also does not constitute deliberate indifference in the absence of any showing that Plaintiff lacks the funds to purchase the medication."); *Slattery v. Mohr*, No. 2:11–

5

CV–202, 2012 WL 2931131, at *8 (S.D. Ohio July 17, 2012) (finding inmate forced to purchase over-the-counter medications from commissary pursuant to policy did not establish an Eighth Amendment violation where he failed to demonstrate that he was denied medical care due to his inability to afford medication).

Here, Plaintiff has admitted that he has never been determined "indigent" by TDOC [Doc. 25-5 p. 1-2]. Without this designation, and in accordance with TDOC policy, Plaintiff was required to purchase his over-the-counter medications from the commissary. Plaintiff in fact was able to, and did purchase, this medication [Doc. 25-4 p. 2; Doc. 25-7]. Accordingly, the policy and its application is constitutional as it pertains to Plaintiff.

Additionally, Plaintiff has not presented any admissible evidence that Centurion has a policy of providing less-than-adequate medical care to save money [Doc. 25-2], nor has he presented any admissible proof that he was unable to afford an effective dose of the medication, and that Centurion was aware of such. Therefore, Centurion is entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, John and Jane Doe will be **DISMISSED,** Centurion's motion for summary judgment [Doc. 25] will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED WITH PREJUDICE.**[2]

---

[2] The Court further finds that any cause of action sounding in violation of the Tennessee Health Care Liability Act should be dismissed, as Plaintiff has not demonstrated compliance with the requirements of Tenn. Code Ann. §§ 29-26-121 and 122.

The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Therefore, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge